UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY KINTE JENKINS,<br><br>                  Petitioner,<br><br>      v.<br><br>WARDEN,<br><br>                  Respondent. | CAUSE NO.: 3:19-CV-323-RLM-MGG |

OPINION AND ORDER

Rodney Kinta Jenkins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 18-5-265) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of conspiring to traffic in violation of Indiana Department of Correction Offense 111/113, and sanctioned him with a loss of one hundred twenty days earned credit time and a demotion in credit class.

Mr. Jenkins argues that he is entitled to habeas relief because he requested the letter mentioned in the conduct report, the identity of his alleged co-conspirator, and his other correspondence, but correctional staff did not produce or consider it. He maintains that he could have demonstrated that, in the letter at issue, he was merely explaining the facility's policy of copying mail to prevent the trafficking of synthetic marijuana. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within

reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. Contrary to Mr. Jenkins's allegations, the administrative record includes the requested evidence, and the written decision expressly states that the hearing officer considered it. ECF 10-3, ECF 12. Mr. Jenkins might mean that he wasn't allowed to personally review the evidence, but he wasn't constitutionally entitled to do so. See White v. Indiana Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); Outlaw v. Anderson, 29 F. App'x 372, 374 (7th Cir. 2002). Mr. Jenkins's claim that he wasn't allowed to present evidence is not a basis for habeas relief.

The court denies Mr. Jenkins's habeas petition because he hasn't asserted a valid claim for habeas relief. If Mr. Jenkins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Rodney Kinte Jenkins leave to proceed in forma pauperis on appeal.

SO ORDERED on April 22, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT